IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kauser Mohamoud Yusuf,<br><br>　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>　　　　Respondents. | No. CV-25-03409-PHX-JJT (ASB)<br><br>**ORDER** |

Petitioner Kauser Mohamoud Yusuf, who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1), a Motion for Expedited Processing and Service of Writ of Habeas Corpus on Respondents (Doc. 3), an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7), and an Emergency Motion or Request for Expedited Handling Under 28 U.S.C. Section 1657 with Reference to 28 U.S.C. Chapter 153 (Doc. 9). The Court will require Respondents to answer the Petition and Emergency Motion for Temporary Restraining Order and Preliminary Injunction, deny the Motion for Expedited Processing and Service, and deny as moot the Emergency Motion or Request for Expedited Handling.

**I.　Petition**

Petitioner names as Respondents: the United States Department of Homeland Security (DHS), DHS Secretary Kristi Noem, United States Immigration and Customs Enforcement (ICE), ICE Acting Director Todd Lyons, ICE Phoenix Field Office Director

John Cantu, and Warden of Eloy Federal Detention Center Fred Figueroa. (Doc. 1 ¶¶ 9-14.)

Petitioner states she is a Somalian citizen, who entered the United States as a refugee on July 5, 2005, and became a lawful permanent resident on January 10, 2007. (*Id*. at ¶¶ 20-22.) On December 23, 2014, Petitioner was convicted of aiding and abetting the sex trafficking of an individual under 18 years of age and was sentenced to 90 months in prison. (*Id*. at ¶¶ 23-24.) On May 28, 2015, Respondents initiated removal proceedings against Petitioner. (*Id*. at ¶ 25.)

On June 19, 2018, Petitioner filed for asylum and withholding of removal under the Convention Against Torture (CAT), which was denied. (*Id*. at ¶¶ 26-27.) Although Petitioner was ordered removed to Somalia, her removal was barred following a deferred action under the CAT. (*Id*. at ¶ 27.) Petitioner completed serving her criminal sentence on December 16, 2019 and was transferred to ICE custody. (*Id*. at ¶ 28.) On March 16, 2020, Petitioner was released from ICE custody, issued a work authorization, and ordered to check in periodically with ICE. (*Id*. at ¶ 29.) Following her release, Petitioner obtained an associate's degree with honors and a commercial driver's license, began working as a long-haul trucker, and became involved with a support group for sex trafficking victims. (*Id*. at ¶¶ 30-32.)

On August 28, 2025, while Petitioner was working, she picked up approximately $200,000 worth of merchandise for transport in Yuma, Arizona for delivery to Reno, Nevada.[1] (*Id*. at ¶¶ 33-37.) After the pre-arranged pick-up, Petitioner departed to Reno and encountered a U.S. Customs and Border Protection (CBP) checkpoint. (*Id*. at ¶¶ 36-38.) Petitioner was questioned by a CBP officer and disclosed she was not a United States citizen and had a removal order against her, and explained the order was deferred under the CAT. (*Id*. at ¶ 39.) She also provided the officer her work authorization document and a copy of the deferred action order from the immigration court. (*Id*.) Petitioner complied with the CBP officer's directions to pull to the side of the road and provide her driver's

---

[1] Petitioner was working as an independent contractor for Pony Express Group.

license and delivery manifests. (*Id*. at ¶ 40.) Petitioner was then detained by the officer. (*Id*. at ¶ 41.)

The CBP officer informed Petitioner that she was being re-detained because "ICE had deemed her deportable" and that she would see an immigration judge the following day. (*Id*. at ¶ 42.) On September 3, 2025, Petitioner was interviewed by two ICE officers and informed that she was being detained solely because she had a final order of removal and was encountered at a checkpoint. (*Id*. at ¶¶ 44-45.) No other material changes were identified. (*Id*.)

Petitioner was provided with a notice of custody review that indicated her custody status would be reviewed on November 28, 2025, exactly three months following her detention. (*Id*. at ¶ 46.) The notice of custody review did not provide any factual basis identifying changes in circumstance to justify her detention and Respondents have not suggested that she violated her terms of supervised probation. (*Id*. at ¶¶ 47-48.) Petitioner is not aware of any travel documents secured by Respondents to any third country, and she asserts she cannot be removed to Somalia based on her deferred action under the CAT. (*Id*. at ¶¶ 49-50.)

On September 7, 2025, DHS published a photo of Petitioner on its Facebook page, identifying her by name with the headline "ILLEGAL ALIEN, TRUCK DRIVER, CONVICTED FELON" and "ARRESTED," along with the hashtag "BorderSecurityIsNationalSecurity." (*Id*. at ¶ 51.) On September 9, 2025, Petitioner mailed a packet of evidence to Respondents, which was signed for the following day. (*Id*. at ¶¶ 52-53.) On September 16, 2025, Respondents indicated the Petitioner would not be released based on the documents submitted. (*Id*. at ¶ 54.)

Based on these facts, Petitioner presents three claims for relief: that her detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231, that her detention is a regulatory violation of 8 C.F.R § 241.13(h)(i)(3), and that her detention violates her substantive due process rights under the Due Process Clause of the Fifth Amendment.

The Court will require Respondents to answer the Petition on an expedited basis.

## II. Petitioner's Motion for Expedited Processing And Service of Writ of Habeas Corpus on Respondents

In her Motion for Expedited Processing, Petitioner requests that the Clerk of Court expeditiously complete service of the verified Petition and exhibits on Federal Respondents. (Doc. 3.) Because the Court will order Petitioner's counsel to serve the Petition on Respondents, the Motion will be denied.

## III. Petitioner's Emergency Motion for Temporary Restraining Order Under Federal Rules of Civil Procedure 65(b) and Preliminary Injunction Under Federal Rules of Civil Procedure 65(a)

In Petitioner's Emergency Motion and Memorandum in Support (Docs. 7 and 8), Petitioner asserts she has been detained in violation of 8 C.F.R. § 241.13 and the Due Process Clause of the Fifth Amendment because Respondents failed to provide her a notice of release revocation and did not provide a justifiable reason or evidence for re-detaining her. Petitioner also claims that Respondents have publicly denigrated her in a clearly punitive manner. Petitioner seeks: her immediate release from custody; to enjoin the Respondents from attempting to move Petitioner outside the State of Arizona; to enjoin respondents from moving Petitioner from the State of Arizona without providing 72-hours' advance notice; and an Order requiring Respondents to provide Petitioner full merits hearings before an immigration judge for asylum, withholding of removal, and "DCAT," prior to removing her to an allegedly safe third country.

The Court will require Respondents to answer Petitioner's Emergency Motion on an expedited basis.

## IV. Petitioner's Emergency Motion or Request for Expedited Handling Under 28 U.S.C. § 1657 With Reference to 28 U.S.C. Chapter 153

Petitioner requests the Court expedite consideration of this action for good cause, specifically that Petitioner's detention is unlawful and in violation of her liberty interests under the Due Process Clause of the Fifth Amendment (Doc. 9). The Court will order Respondents to answer the Petition and respond to the Emergency Motion for Temporary

Restraining Order and Preliminary Injunction on an expedited basis. Therefore the Court will deny as moot Petitioner's Emergency Motion for Expedited Handling.

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition and Motion for Temporary Restraining Order and Preliminary Injunction to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(4) Petitioner's Motion for Expedited Processing And Service of Writ of Habeas Corpus on Respondents (Doc. 3) is **denied**.

(5) Petitioner's Emergency Motion or Request for Expedited Handling Under 28 U.S.C. § 1657 With Reference to 28 U.S.C. Chapter 153 (Doc. 9) is **denied as moot**.

(6) Respondents must respond to the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) **no later than October 1, 2025**.

(7) Petitioner may file a reply **no later than October 3, 2025**.

(8) Respondents must answer the Petition within **twenty (20) days** of the date of service.

(9) Petitioner may file a reply within **ten (10) days** from the date of service of the answer.

Dated this 24th day of September, 2025.

Honorable John J. Tuchi
United States District Judge